UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13-CR-189-SEB-TAB-01 |
| | ) | 1:13-CR-190-SEB-TAB-02 |
| CRAIG DUCEY, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

The United States of America, by counsel, Josh J. Minkler, United States

Attorney for the Southern District of Indiana; Steven D. DeBrota, Senior

Litigation Counsel; Jake Schmidt, Special Assistant United States Attorney;

John C. Cruden, Assistant Attorney General, Environment and Natural

Resources Division, United States Department of Justice; and Thomas T.

Ballantine, Assistant Section Chief, Environmental Crimes Section,

Environment and Natural Resources Division (the "Government"); and the

Defendant, CRAIG DUCEY, in person and by counsel, Theodore Minch, hereby

inform the Court that a Plea Agreement has been reached in this case pursuant

to Federal Rule of Criminal Procedure 11(c)(1)(B). The following are its terms

and conditions:

1.    **Pleas of Guilty:** The Defendant, having been indicted by the

grand jury, agrees to plead guilty as charged in the Indictment to the following

offenses in **United States v Craig Ducey at al**, 1:13-CR-189-SEB-TAB-01 (the

"E-biofuels case"): Count 1 (Conspiracy), Counts 2-10 (False Claims against the Internal Revenue Service), Counts 13 through 25 (Wire Fraud), Counts 26-36 (False Statements under the Clean Air Act), Counts 37-38 (Obstruction of Justice), and Counts 41-46 (Engaging In Prohibited Financial Transactions With Criminal Proceeds).

2.      **Plea of Guilty:**  The Defendant, having been indicted by the grand jury, also agrees to plead guilty as charged in the Indictment to the following offenses in **United States v Jeff Wilson and Craig Ducey**, 1:13-CR-190-SEB-TAB-01 (the "Wilson case"): Count 2 (Fraud in the Offer or Sale of Securities), Counts 3-4 (Material False Statements in Required Filings with the Securities and Exchange Commission), and Counts 15 and 18 (Material Omissions and False Statements by Corporate Officer to Accountant).

## The E-biofuels Case

3.      **Count 1 (Conspiracy to Commit Criminal Offenses and to Defraud the United States, 18 U.S.C. § 371):**  This offense charges that the Defendant conspired with others known and unknown to the United States to: (1) transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, in violation of 18 U.S.C. § 1343; (2) make and present claims upon and against the United States and the

Internal Revenue Service ("IRS"), knowing such claims to be false, fictitious, and fraudulent, in violation of 18 U.S.C. § 287; (3) knowingly make false material statements, representations, and certifications in, and to knowingly omit material information from, notices, applications, records, reports, plans, and other documents required pursuant to the Clean Air Act, in violation of 42 U.S.C. § 7413(c)(2)(A); (4) hamper, hinder, impede, impair, and obstruct by craft, trickery, deceit, and dishonest means, the lawful and legitimate functions of the Environmental Protection Agency ("EPA") in enforcing the Clean Air Act regulations governing renewable fuel mandates; and (5) hamper, hinder, impede, impair, and obstruct by craft, trickery, deceit, and dishonest means, the lawful function of the IRS to ascertain, compute, assess, and collect revenue and penalties stemming from the federal fuel excise taxes related to fuel by claiming and knowingly causing the customers of a biofuel manufacturer named E-biofuels LLC to claim blender's tax credits on biodiesel that did not exist and/or was not eligible for those credits.

**Elements:** A violation of 18 U.S.C. § 371 requires the United States to prove the following elements beyond a reasonable doubt:

FIRST: That the conspiracy—the agreement between two or more persons to accomplish an unlawful purpose—charged in Count 1, existed;

SECOND: That the Defendant knowingly became a member of the conspiracy with an intention to further the conspiracy; and

THIRD: That an overt act was committed by at least one conspirator in furtherance of the conspiracy.

**Maximum Penalties:** A violation of 18 U.S.C. § 371 is a felony punishable by a term of imprisonment of not more than five years, a fine of up to $250,000 (or twice the gain from the offense or loss to the victims, whichever is greater), a term of probation of up to five years, and a term of supervised release of not more than three years following any term of imprisonment.

4. **Counts 2-10 (False Claim to the IRS, 18 U.S.C. § 287)**: These offenses charge that the Defendant and his conspirators submitted false and fraudulent claims to the IRS for tax credits relating to the blending of biodiesel fuel.

**Elements:** A violation of 18 U.S.C. § 287 requires the United States to prove the following elements beyond a reasonable doubt:

FIRST: The defendant made a claim against Internal Revenue Service; and

SECOND: The claim was fraudulent; and

THIRD: The defendant knew the claim was fraudulent.

**Maximum Penalties**: A violation of 18 U.S.C. § 287 is a felony punishable by a term of imprisonment of not more than five years, a fine of up to $250,000 (or twice the gain from the offense or loss to the victims, whichever is greater), a term of probation of up to five years, and a term of supervised release of not more than three years following any term of imprisonment.

4

5. **Counts 13 through 25 (wire fraud, 18 U.S.C. § 1343)**: These offenses charge that the Defendant committed wire fraud with his conspirators.

**Elements**: A violation of 18 U.S.C. § 1343 requires the United States to prove the following elements beyond a reasonable doubt:

FIRST: That the Defendant knowingly devised and intended to devise a scheme to defraud as described in each Count;

SECOND: That the Defendant did so with the intent to defraud;

THIRD: That the scheme to defraud involved a materially false or fraudulent pretense, representation, or promise; and

FOURTH: That for the purpose of carrying out the scheme or attempting to do so, the defendant transmitted or caused to be transmitted by means of wire communication in interstate commerce, writings, signals, or sounds in the manner charged in the particular count.

**Maximum Penalties:** A violation of 18 U.S.C. § 1343 is a felony punishable by a term of imprisonment of not more than twenty years, a fine of up to $250,000 (or twice the gain from the offense or loss to the victims, whichever is greater),a term of probation of up to five years, and a term of supervised release of not more than three years following any term of imprisonment.

6. **Counts 26-36 (False Statements under the Clean Air Act, 42 U.S.C § 7413)**: These offenses charge that the Defendant and his conspirators submitted false and fraudulent statements to the EPA relating to the creation

of Renewable Identification Numbers for biodiesel actually produced by other companies.

**Elements:** A violation of 42 U.S.C. § 7413(c)(2)(A) requires the United States to prove the following elements beyond a reasonable doubt:

FIRST: The Defendant knowingly made a material statement or representation;

SECOND: The statement or representation was made in a record, report, or other document required under the Clean Air Act;

THIRD: The statement or representation was false; and

FOURTH: The Defendant made the statement fraudulently or with the intent to deceive.

**Maximum Penalties**:  A violation of 42 U.S.C. § 7413(c)(2)(A) is a felony punishable by a term of imprisonment of not more than two years, a fine of up to $250,000 (or twice the gain from the offense or loss to the victims, whichever is greater), a term of probation of up to five years, and a term of supervised release of not more than three years following any term of imprisonment.

7.    **Counts 37-38 (Obstruction of Justice):**  These offenses charge that the Defendant prepared and caused other employee of e-biofuels to prepare false and fraudulent bills of lading and other documents submitted to consultants, the EPA, and customers.

**Elements:** As applied to this case, a violation of 18 U.S.C. § 1519 requires the United States to prove the following elements beyond a reasonable doubt:

FIRST: The Defendant knowingly falsified or made a false entry;

SECOND: In a record or document; and

THIRD: The Defendant intended to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or in relation to or contemplation of any such matter.

**Maximum Penalties:** A violation of 18 U.S.C. § 1519 is a felony punishable by a term of imprisonment of not more than 20 years, a fine of up to $250,000 (or twice the gain from the offense or loss to the victims, whichever is greater), a term of probation of up to five years, and a term of supervised release of not more than three years following any term of imprisonment.

8. **Counts 41-46 (engaging in prohibited financial transactions with criminal proceeds, 18 U.S.C. § 1957)**: These offenses charge that the Defendant laundered criminally derived proceeds of the wire fraud object of the conspiracy set forth in Count 1 of the E-biofuels case by engaging in financial transactions with such proceeds.

**Elements:** A violation of 18 U.S.C. § 1957 requires the United States to prove the following elements beyond a reasonable doubt:

FIRST: That the Defendant knowingly engaged in a financial transaction.

SECOND: That the financial transaction involved criminally derived property that is of greater than $10,000 in value and that is derived from specified unlawful activity, including wire fraud.

**Maximum Penalties:** A violation of 18 U.S.C. § 1957 is a felony punishable by a term of imprisonment of not more than 10 years, a fine of either not more than $250,000 or twice the criminally derived property involved in the transactions (twice $2,224,616.43, which equals $4,449,232.86), whichever is greater, a term of probation of up to five years, and a term of supervised release of not more than three years following any term of imprisonment.

### The Wilson Case

9.    **Count 2 (Fraud in Offer or Sale of Securities):** These offenses charge that the Defendant knowingly engaged in deceitful conduct while attempting to persuade potential investors to invest in Imperial Petroleum, which would allow the E-biofuels biodiesel fraud scheme to continue. The Defendant understands that this conduct violated 15 U.S.C. §§ 77q(a) and 77x.

**Elements:** A violation of 15 U.S.C. § 77q(a) requires the United States to prove the following elements beyond a reasonable doubt:

FIRST: The defendant offered securities as described in the indictment;

SECOND: The defendant made use of any means or instrumentality of interstate commerce in the offer of securities;

8

THIRD: In the offer of the securities, the defendant knowingly and deliberately employed a scheme to defraud or engaged in a practice or course of business which would operate as a fraud or deceit on the purchaser.

**Maximum Penalty**: A violation of 15 U.S.C. §§ 77q(a) and 77x is a felony punishable by a term of imprisonment of not more than five years, a term of probation of up to five years, a fine of up to $250,000 (<u>or</u> twice the gain from the offense or loss to the victims, whichever is greater), and a term of supervised release of not more than three years following any term of imprisonment.

10. **Counts 3-4 (Material False Statements in Required Filings with the Securities and Exchange Commission).** These offenses charge that by providing false information to auditors, the Defendant caused materially false or misleading statements or omissions to be included in required reports filed with the SEC. He understands this conduct to have violated 15 U.S.C. § 78ff.

**Elements:** A violation of 15 U.S.C. § 78ff requires the United States to prove the following elements beyond a reasonable doubt:

FIRST: There was a report or filing with the SEC that contained a false or misleading statement or omission;

SECOND: The false or misleading statement or omission was material;

THIRD: The defendant made or caused to be made that false or misleading statement or omission in the SEC report or filing;

FOURTH: The defendant acted knowingly, willfully, and with the intent to deceive.

**Maximum Penalty:** A violation of 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5 is a felony punishable by a term of imprisonment of not more than twenty years, a fine of up to $5,000,000 (or twice the gain from the offense or loss to the victims, whichever is greater), a term of probation of up to five years, and a term of supervised release of not more than three years following any term of imprisonment.

11.     **Counts 15 and 18 (Material Omissions and False Statements by Corporate Officer to Accountant).** These counts charge that the Defendant made materially false or misleading statements or omissions to an auditor in connection with Imperial Petroleum's 2010 annual report filed with the SEC (Count 15) and Imperial Petroleum's 2011 annual report filed with the SEC (Count 18). He understands that this conduct violated 15 U.S.C. § 78ff and 17 C.F.R § 240.13b2-2(a).

**Elements:** A violation of 15 U.S.C. § 78ff and 17 C.F.R § 240.13b2-2(a) requires the United States to prove the following elements beyond a reasonable doubt:

FIRST: The defendant willfully and knowingly made a false or misleading statement or omission to an accountant;

SECOND: The false or misleading statement or omission was material; and

THIRD: The false or misleading statement or omission was made in connection with the preparation or filing of a report required to be filed with the SEC.

**Maximum Penalty:** A violation of 15 U.S.C. §§ 78m(b)(5) and 78ff, 17 C.F.R. §§ 240.13b2-2(a) and 240.13b2-2(b) is a felony punishable by a term of imprisonment of not more than 20 years, a fine of up to $5,000,000 (or twice the gain from the offense or loss to the victims, whichever is greater), a term of probation of up to five years, and a term of supervised release of not more than three years following any term of imprisonment.

### General Provisions

12. **Rule 11(c)(1)(B):** The Defendant understands that this plea agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the resulting sentence is within the discretion of the Court. If the Court decides to impose a sentence higher or lower than any recommendation of either party, then the Defendant will not be permitted to withdraw the plea of guilty for that reason and will be bound by the plea of guilty.

13. **Court's Discretion:** The Defendant agrees and understands that the Court will use its discretion to fashion a sentence within the statutory

ranges set forth above. The Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within these statutory ranges. The Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within these statutory ranges. The Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature. The final determination of the sentence, including the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court.

14.   **Consecutive Sentences**: The parties understand that the Court may order that the punishment for one or more Counts to be run concurrently or consecutively to other Counts. 18 U.S.C. § 3584.

15.   **Presently Known Information:** The Defendant understands that this plea agreement is based upon the information presently known to the Government.

### Specific Provisions

16.   **Sentencing Arguments Pursuant to Fed. R. Crim. P. 11(c)(1)(B):** The parties have not agreed upon a specific sentence of imprisonment. The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter. However, the parties understand that this sentence will ultimately be determined by the Court.

17.    **Remedy for Violation of Plea Agreement Terms:**  If the Court

finds that the Defendant has violated any terms of this Plea Agreement,

including, but not limited to, the Waiver of Appeal provisions (¶ 39-40), the

Cooperation terms (¶ 29-33), or the Good Behavior Requirement (¶ 36), then as

a remedy for such violation, the Government 1) may bring additional charges

against the Defendant; and 2) will not be bound by the No Further Charges

paragraph (¶ 34), which would otherwise limit the charges that could be

brought.

18.    **Statute of Limitations:** The Defendant agrees to waive and to

suspend the running of the statute of limitations under 18 U.S.C. § 3282 and

related sections for any legal action the federal government might initiate,

criminal or civil, arising from any conduct for which Defendant might be

responsible, committed during or after the year 2009, related to transactions

involving biodiesel, including, but not limited to, the crimes referred to above.

This means that, if the Court finds that the Defendant has violated the

Cooperation terms listed below, the Government will not be barred from

bringing any legal action under federal law against the Defendant.  The

Defendant's agreement to waive and suspend the running of the statute of

limitations begins on the date that he executes this Plea Agreement and ends

five years from that date.

19.    **Supervised Release**:  Each party may present evidence and

arguments concerning the length of the period of supervised release to follow

the term of imprisonment. The parties understand that this period of supervised release may be ordered for a period of up to three years. Each party may present evidence and arguments for a specific period of supervised release in this range.

20. **Conditions of Supervised Release:** The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case. The parties reserve the right to present evidence and arguments concerning these conditions.

21. **Fine:** The parties reserve the right to present evidence and arguments concerning the amount of any fine. The Defendant understands that the amount and payment terms of any fine will be determined by the Court.

22. **Mandatory Restitution:** The Defendant understands that restitution to the victims of the offense charged in the E-biofuels case and the Wilson case is mandatory, pursuant to 18 US.C. § 3663A(c)(1)(A)(ii) & (c)(2), because crimes against property, particularly wire fraud, false claims, and securities fraud, gave rise to this Plea Agreement. The Defendant agrees to pay full restitution to the victims of this offense. The parties reserve the right to present evidence and arguments as to the amount of restitution owed. The Defendant understands that the amount and payment terms of any mandatory restitution will be determined by the Court.

23.  **Taxes and Penalties**:  The Defendant understands that he may owe taxes and penalties to the United States Treasury for the offenses charged. The amount of any such taxes and penalties will be determined by the IRS at a later time as determined by the provisions of the Internal Revenue Code.  The Defendant agrees to cooperate with the IRS in filing all necessary tax forms for the periods related to the offense in the Indictment.

24.  **Special Assessment:**  The Defendant agrees to remit to the Court at the time of sentencing or as directed by the Court a certified check or money order in the amount of $100 per count of conviction, payable to Clerk, United States District Court, which amount represents the mandatory special assessment that must be imposed by the Court and paid by all federal Defendants pursuant to 18 U.S.C. § 3013.

25.  **Forfeiture of Personal Property, Assets, and Vehicles**:  The Defendant hereby abandons all right, title, and interest he has in all personal property, funds, and other assets seized by any authorities during the searches of his residences, offices, and accounts in the course of the investigation of this case, so that proper disposition may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the Defendant's criminal activity.  The Defendant also abandons all right, title, and interest he has in all personal property, funds, and other assets restrained by the Court at the time the Indictment was unsealed so that proper disposition may be made thereof by federal, state, or local law enforcement agencies involved in the

investigation of the Defendant's criminal activity. The above property is listed in Attachment A of the Indictment in the E-biofuels case. Real property is specifically excluded from the terms of this paragraph. The parties understand and agree that the Defendant cannot and does not have the authority to abandon any right, title, or interest in funds that are not his.

26. **Basis for Forfeiture:** The Defendant acknowledges that all of the property and funds to be forfeited constituted proceeds of the offenses to which he is pleading guilty and was used or intended to be used in the criminal offense. Therefore, the Defendant agrees that this property and these funds are subject to forfeiture. He further agrees not to contest any forfeiture action brought against the property or funds to be forfeited in lieu of real property or any of the seized personal property, whether any such forfeiture action is administrative or judicial, civil or criminal, and agrees not to contest any use or destruction of any of the seized personal property by any federal, state or local law enforcement agency.

27. **Proffer Agreements**: Nothing in this Plea Agreement supersedes or removes any provision or protection contained in the Defendant's Proffer Agreement dated April 17, 2015, including the Government's ability to use the information derived directly or indirectly from the proffer session meeting in the event of a breach or a rejection of the Plea Agreement.

28. **Obligation to Pay Financial Component of Sentence**: If the Defendant is unable to pay any financial component of his sentence on the

date of sentencing, then he agrees that he has a continuing obligation to pay the financial component of his sentence. He further agrees that as of the date of filing this Plea Agreement, he will provide all requested financial information to the Financial Litigation Unit of the United States Attorney's Office for the Southern District of Indiana for use in the collection of any fines and/or restitution imposed by the Court and authorizes the Financial Litigation Unit to obtain credit reports relating to him for use in the collection of any fines and restitution imposed by the Court.

29.    **Cooperation**: The Defendant agrees to cooperate with the Government, and agrees that his cooperation includes, but is not limited to, providing complete, total, and truthful debriefings and interviews concerning any and all information regarding his involvement and that of others in the commission of any criminal offenses, without restriction to any charge presently pending against him. The Defendant also agrees to provide complete, total, and truthful testimony before grand juries, the Securities and Exchange Commission, in hearings, and at trials, as considered necessary by the Government, concerning any and all information provided by him during the course of his debriefings.

30.    **Extent of Cooperation**: This cooperation agreement extends beyond the Southern District of Indiana to the extent any other prosecutor in another judicial district agrees to accept the terms of this Plea Agreement. If the Defendant has not completed his cooperation at the time of sentencing, he

recognizes that he has a continuing obligation to cooperate thereafter. If at any time before or after sentencing the Defendant refuses to fulfill his obligations to truthfully and completely cooperate as required by this Plea Agreement, then the Defendant recognizes that the Government will consider that a breach of the Plea Agreement.

31. **Use of Cooperation Information Against Defendant**: The Government agrees that the complete and truthful information and testimony the Defendant provides after the signing of this Plea Agreement will not be used to bring additional criminal charges against him beyond the offenses charged in the E-biofuels case and the Wilson case, with the following three exceptions:

A. The Government may use the Defendant's information and testimony to prove the charges listed above.

B. If the Defendant were to testify falsely at any grand jury proceeding, hearing, SEC related proceeding, or trial, or make a false statement to a law enforcement officer, then the Government may use the Defendant's information and testimony to prosecute the Defendant for making false statements, obstruction, or perjury, whichever is appropriate.

C. The Government may use the Defendant's information and testimony to prosecute the Defendant for any conduct or action constituting a crime of violence under federal or state law.

32. **Other Districts**: The Defendant agrees that prosecutors in other judicial districts may accept the terms of this Plea Agreement, become a party

to it, and require him to cooperate in those districts under the same terms as those specified in this Plea Agreement. The Defendant understands that prosecutors in other judicial district that do not to become a party to this Plea Agreement will not be bound by this Plea Agreement.

33. **Use of Information at Sentencing**: The Government agrees that any self-incriminating information the Defendant might provide as a result of the cooperation required by the Plea Agreement, although available to the Court, will not be used against him in determining his sentence. The Defendant understands that any information given by him as a result of the cooperation required by the terms of this Plea Agreement may be referred to by the presentence report preparer as an indication of his acceptance of responsibility and may be referred to as his version of the events leading to the charges. Pursuant to U.S.S.G. § 1B1.8, the provisions of this paragraph shall not be applied to restrict any such information: a) that was known to the undersigned counsel for the Government before the dates of his proffer session and related Proffer Agreements (see below); b) that concerns the existence of prior convictions and sentences in determining Defendant's criminal history category and related issues; c) that is used in a prosecution for perjury, obstruction, or giving a false statement; or d) that is used in the event there is a breach of the cooperation provisions of this Plea Agreement.

34. **No Further Charges:** The Government agrees not to bring any further charges against the Defendant for his presently known involvement in

the offenses arising from his prior association with the defendants in the E-
biofuels case and the Wilson case, <u>provided that</u> the Court accepts this Plea
Agreement.

A.     This provision does not restrict the right of the Government to
bring any other charges against the Defendant for any undisclosed or unknown
criminal offenses or any crime of violence, if the Defendant has committed any
such offenses prior to this Plea Agreement or commits such offenses in the
future.

B..     Finally, if the Court rejects this Plea Agreement, then the
Government will not be bound by this Plea Agreement in any way and may
seek to bring any additional charges.

35.     **Delayed Sentencing Request:** The parties intend to request the
Court to continue the sentencing in this matter until after the trial of any
codefendants in the E-biofuels case, the Wilson case, and any related cases.
This will allow the Court to fully consider whether the Defendant's cooperation
to that point was truthful and complete before imposing sentence. The
Defendant waives any potential challenges to his prosecution arising from this
delay and he recognizes that the delay will not prejudice his ability to answer
the charges in this case or present any sentencing arguments.

36.     **Good Behavior Requirement:** The Government reserves the right
to withdraw from this Plea Agreement if the Defendant commits a new criminal

offense, violates the terms of his pretrial release before the date of sentencing, or violated any term of this Plea Agreement.

37. **Substantial Assistance Departure under U.S.S.G. §5K1.1**: If the defendant continues to cooperate as set forth in this Plea Agreement, the government will file a motion prior to sentencing pursuant to U.S.S.G. §5K1.1 seeking a reduction not to exceed six (6) levels in the offense level if the government determines that the defendant's truthful and complete cooperation with law enforcement authorities provided information that was of substantial assistance in the investigation and prosecution of other persons who have committed criminal offenses.

38. **Acceptance of Responsibility and Cooperation**: The Government recognizes that the Defendant has agreed to admit his involvement in these criminal offenses. Because he timely agreed to plead guilty, the Government hereby notifies the Court that it has not had to fully and completely prepare his case for trial. If this Court finds that the Defendant has continued to demonstrate a recognition and affirmative acceptance of personal responsibility for his criminal conduct through the remaining phases of this case, including meetings with the United States Probation Office, the change of plea hearing, and the sentencing hearing, then the government agrees that he is entitled to a three (3) level reduction, pursuant to U.S.S.G. §3E1.1(a) and (b).

39. **Waiver of Appeal:** The defendant understands that he has a statutory right to appeal the conviction and sentence imposed and the manner

in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, he agrees that in the event the Court accepts this Plea Agreement under Rule 11(c)(1)(B) and sentences him accordingly to all terms of this Plea Agreement, then he expressly waives his right to appeal the conviction. Additionally, he also expressly agrees not to contest his conviction. However, this waiver does not encompass claims that the Defendant received ineffective assistance of counsel.

(REST OF PAGE INTENTIONALLY LEFT BLANK)

# **Final Agreement**

40.     The Defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce him to plead guilty. This document is the complete and only Plea Agreement between the Defendant and the Government. It is binding only on the parties to this agreement, supersedes all prior understandings other than those exempted by this Plea Agreement, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

4-20-2015
_____
Date

_____
JOSH J. MINKLER
UNITED STATES ATTORNEY

4-20-2015
_____
Date

_____
Steven D. DeBrota
Senior Litigation Counsel

4-20-2015
_____
Date

_____
Jake Schmidt
Special Assistant U.S. Attorney

JOHN C. CRUDEN
ASSISTANT ATTORNEY GENERAL
ENVIRONMENT AND NATURAL
RESOURCES DIVISION
U.S. DEPARTMENT OF JUSTICE

20 APR 15
Date

Thomas T. Ballantine
Assistant Section Chief
Environmental and Natural
Resources Division
U.S. Department of Justice

4/20/15
Date

CRAIG DUCEY
Defendant

04/20/15
Date

Theodore Minch
Attorney for Defendant

24

## STATEMENT OF THE DEFENDANT

I have read the entire Plea Agreement and discussed it with my attorney.

I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

I am fully satisfied with my attorney's representation during all phases of these cases.

I am freely and voluntarily pleading guilty in these cases and not as the result of force, threats, or promises (other than the promises in this Plea Agreement).

I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crimes to which I am entering my pleas.

My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate, or

probation officer, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

Finally, I acknowledge that a guilty plea may have consequences beyond the sentence handed down by the court and that my attorney may not be able to predict all of those consequences. For instance, for all but native citizens of the United States, most felonies have a direct, adverse consequence on a person's immigration status, which usually leads to deportation. I have discussed such issues with my attorney, am satisfied with the advice I have received, and waive any right to appeal or otherwise attack my conviction based on such collateral consequences of the guilty plea.

9/20/15
Date

CRAIG DUCEY
Defendant

26